TRUMBULL COUNTY BAR ASSOCIATION *v.* JOSEPH.

[Cite as Trumbull Cty. Bar Assn. *v.* Joseph (1991), 58 Ohio St. 3d 258.]

(No. 90-2086—Submitted November 28, 1990—Decided April 3, 1991.)

findings of fact and recommendation of the board. By authorizing placement of the ad, respondent committed a willful violation of DR 2-105(A)(5). That rule prohibits use of the term "specialize" except under proper certification or in the patent, trademark or admiralty bars. We believe that "specialize" connotes formal recognition. The American Bar Association agrees. In its Comment to Rule 7.4 of the ABA Model Rules of Professional Conduct, it states:

"* * * [The terms] 'specialist,' practices a 'specialty,' * * * [and] 'specializes in' * * * have acquired a secondary meaning implying formal recognition as a specialist and, therefore, use of these terms is misleading. * * *" Codes of Professional Responsibility (2 Ed. 1990) 382.

In this case respondent's use of the term was clearly misleading in fact because it did not derive from formal recognition, or even from experience, but from his personal aspirations. We note further that under DR 2-105(A)(5) respondent may state that his practice "consists in large part or is limited to" medical malpractice cases whenever these assertions can be made truthfully. Accordingly, we find no overbreadth in the rule with respect to respondent.

Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. I would dismiss the charge.

*Kevin P. Murphy* and *Catherine J. Howley*, for relator.

*Michael D. Joseph, pro se.*