[615 NYS2d 212]

In the Matter of E. JOSEPH PEPERONE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 15, 1994

**APPEARANCES OF COUNSEL**

*Vincent Scarsella,* Buffalo, for petitioner.

*E. Joseph Peperone,* Williamsville, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this Court on March 12, 1958 and maintains an office for the practice of law

in Buffalo. The Grievance Committee filed a petition charging respondent with using and disseminating a public communication containing statements that are misleading and with holding himself out as a specialist in matrimonial law without being certified as such in violation of Code of Professional Responsibility DR 2-101 (A) (22 NYCRR 1200.6 [a]) and DR 2-105 (B) (22 NYCRR 1200.10 [b]). Respondent filed an answer admitting the factual allegations of the petition but denying that his conduct violated either disciplinary rule.

The petition alleges, and respondent admits that, although not certified as a specialist in matrimonial law, respondent placed a listing in the Talking Phone Book for Erie County that indicated, "Over 20 years in private practice specializing in matrimonial law". On January 13, 1993, petitioner issued respondent a letter of caution pursuant to 22 NYCRR 1022.19 advising him that the use of that language improperly suggested that he was a "specialist" in matrimonial law. The letter also indicated that the Committee had previously advised attorneys to modify similar advertisements by using terms such as "concentrating in" or "practice limited to". Thereafter, respondent placed the same advertisement in the 1993-1994 edition of the Talking Phone Book and in the October 1993-September 1994 edition of the NYNEX Yellow Pages for Erie County and vicinity. Respondent contends that his advertising is not false, misleading or deceptive because he did not represent that he had unique educational training or an advanced degree or certificate as a "specialist" in the area of matrimonial law. He also contends that the phrase "specializing in" indicates only that he has narrowed his practice from general law to the specific area of matrimonial law, while the word "specialist" indicates one who has unique and advanced education and ability.

This issue has been addressed by the courts of Ohio and Florida. In *Trumbull County Bar Assn. v Joseph* (58 Ohio St 3d 258, 569 NE2d 883), the Ohio Supreme Court held that the word "specializes" connotes formal recognition. In *Florida Bar v Herrick* (571 So 2d 1303, 1307, *cert denied* 501 US 1205), the Florida Supreme Court rejected the respondent's attempt to distinguish between the terms "specializing" and "specialist". Additionally, Webster's Third New International Dictionary defines the term "specialist" as "a person who devotes or limits his interest to some special branch". We conclude that the use of the word "specializes" or the phrase "specializing in" connotes formal recognition in a particular area of law.

We also conclude that the general public, when reading that phrase in an advertisement, would infer that respondent is a specialist in the field of matrimonial law. Thus, the potential for deception is created (see, *Matter of Zimmerman,* 79 AD2d 263, 266, *lv denied* 54 NY2d 606).

Accordingly, we conclude that respondent has violated DR 2-101 (A) (22 NYCRR 1200.6 [a]) and DR 2-105 (B) (22 NYCRR 1200.10 [b]). In determining the sanction to be imposed, we note respondent's previously unblemished record and determine that respondent should be censured.

PINE, J. P., BALIO, LAWTON, WESLEY and DAVIS, JJ., concur.

Order of censure entered.