S96Y0196. IN THE MATTER OF WILLIAM N. ROBBINS.
(469 SE2d 191)

PER CURIAM.

Respondent William N. Robbins challenges, on First Amendment grounds, Standard 18 of Bar Rule 4-102, prohibiting attorneys from advertising themselves as "specialists" except in limited circumstances. We hold Standard 18 is constitutional because it is suffi-

ciently narrow in scope to achieve its purpose, i.e., to prevent the public from being misled about the qualifications of attorneys. We further hold that Robbins violated Standard 18, and that, under the circumstances, he should receive a public reprimand.

The parties do not dispute the essential facts, as found by the special master and adopted by the review panel. Robbins, the sole shareholder of William N. Robbins, Attorney at Law, P.C., prepared and published a newsletter entitled *Legal Beagle*, copies of which were mailed to Robbins' former clients, as well as his and his employees' family and friends. An edition of the newsletter, announcing the return of a former attorney, stated, in part: "WELCOME TO Joe Maniscalco — Joe is an attorney who has returned to the firm with a specialty in personal injury and litigation."

The newsletter further stated:

DON'T FORGET, we specialize in *automobile accidents, motorcycle accidents, bicycle accidents, medical malpractice, workers' compensation and social security cases. Be sure to tell your friends about this. We appreciate referrals from our clients.*

Robbins has significant experience in handling the types of cases listed in the newsletter, and practices only in those areas.

The State Bar filed a Complaint against Robbins, alleging that he violated Standard 18 of Bar Rule 4-102 which prohibits a lawyer from stating or implying that he is a "specialist" except: (1) where a lawyer is engaged in patent practice before the United States Patent and Trademark Office; (2) where a lawyer is engaged in admiralty practice; and (3) where a lawyer has been certified as a specialist in a particular field under a Bar approved program of legal specialization. While Standard 18 prohibits the use of the term "specialist" except in limited circumstances, Standard 19 permits a lawyer to communicate that he or she *limits* his or her practice to a particular field.[1] Robbins admitted that neither he nor Maniscalco, referred to in his newsletter, had been certified as specialists in the areas stated in the newsletter through any Bar approved program. Robbins points to the fact that the State Bar has approved programs of legal specialization only in criminal and civil trial advocacy.[2]

1. We disagree with Robbins that the language contained in his

---

[1] Standard 19 provides: "A lawyer may state, announce or hold himself out as limiting his practice to a particular area or field of law so long as his communication of such limitation of practice is not false, fraudulent, deceptive or misleading. A violation of this Standard may be punished by a public reprimand."

[2] Rule 16, Rules of Conduct & Procedure of the Review Panel of the State Disciplinary Board. *State Bar of Georgia Directory & Handbook*, 1994-95, p. 60-H.

newsletter is protected by the First Amendment to either the State or Federal constitutions. It is well established that attorney advertising is a type of commercial speech protected by the First Amendment. *Florida Bar v. Went For It, Inc.*, ____ U. S. ____ (115 SC 2371, 2375, ____ LE2d ____) (1995); *Peel v. Attorney Registration &c. Comm.*, 496 U. S. 91 (110 SC 2281, 110 LE2d 83) (1990); *In re R. M. J.*, 455 U. S. 191, 199 (102 SC 929, 935, 71 LE2d 64 ) (1982); *Bates v. State Bar of Arizona*, 433 U. S. 350 (97 SC 2691, 53 LE2d 810) (1977). However, that First Amendment protection is not absolute, and the government may prohibit entirely advertising that is misleading, per se, and may regulate advertising that is potentially misleading. *In re R. M. J.*, 455 U. S. at 202-203; *Bates*, 433 U. S. at 383. In the latter case, the government must assert a substantial interest in regulation and may only interfere with speech to the extent reasonably necessary to prevent the perceived evil from potentially misleading advertising. *Peel*, 496 U. S. at 107; *In re R. M. J.*, 455 U. S. at 202-203.

Applying the foregoing to the advertisement in question, we have no difficulty upholding Standard 18 on its face and as applied in this case. We need not decide whether use of the term "specialist" or any variation thereof, is misleading per se because there is no question that term, in the context of lawyer advertising, is at least potentially misleading. *Bates v. State Bar of Arizona*, 433 U. S. at 366, 383.[3] There is sufficient evidence to support the State Bar's assertion that a substantial percentage of the public expects lawyers claiming to be "specialists" to have certain qualities which "non-specialists in the same field do not have, and to do a better job." Moreover, there is a reasonable possibility that a significant percentage of the public reading the term "specialist" in a lawyer's advertisement, might be misled into thinking an attorney has been "certified" or "designated" or has otherwise met objective standards established by a recognized organization.[4] Standard 18, particularly read in conjunction with Standard 19, is reasonably limited to achieve its purpose: that is, to allow attorneys to list their areas of practice without implying that they have special qualifications as established by objective standards by a recognized organization.[5]

---

[3] In *Bates* the Supreme Court recognized claims regarding "the quality of legal services . . . are not susceptible of precise measurement, [and] might well be deceptive or misleading . . . , or even false."

[4] Id. See also *Trumbull County Bar Assn. v. Joseph*, 569 NE2d 883, 884 (Ohio 1991).

[5] This is not a case where the advertising attorney has, in fact, received certification from an established organization pursuant to objective criteria. Compare *Peel*, supra, 496 U. S. at 101, 110 SC at 228, distinguishing "statements of objective facts that may support an inference of quality" from "statements of opinion or quality."

We find disingenuous and without merit Robbins' argument that he did not violate the letter of Standard 18, and, accordingly, should not be disciplined, because he did not state that he or any member of his firm was a "specialist" but, rather, said that the firm "special-

Contrary to Robbins' argument, Standard 18 does not operate as a total ban on advertising an attorney's areas of expertise. Under the limited circumstances set forth in that Standard, an attorney may state he or she is a specialist. Otherwise, an attorney may list that his or her practice is limited to a certain area or areas under Standard 19.[6]

2. We next determine the appropriate level of discipline to apply in this case. The maximum sanction authorized under Standard 18 is a public reprimand. In considering any aggravating or mitigating circumstances in this case, we find the former dominates. This is Robbins' second disciplinary infraction involving false or misleading advertising.[7] Also, Robbins not only has substantial experience in the practice of law, but he has spoken at Bar-sponsored seminars on several topics, including attorney advertising. Finally, despite his knowledge of the law in this area, Robbins has refused to acknowledge the wrongful nature of his conduct.[8] In mitigation we note only that Robbins, although not admitting wrongdoing, has been fairly cooperative with the Disciplinary Board during the proceedings.

For the foregoing reasons, it is ordered that Robbins be issued a public reprimand for violating Standard 18, and that, pursuant to Bar Rule 4-220 (c), such reprimand be administered in open court by the Chief Judge of the Superior Court of the county in which Robbins resides.

*Public reprimand. All the Justices concur.*

DECIDED APRIL 29, 1996 —
RECONSIDERATION DENIED MAY 17, 1996.

*William P. Smith III, General Counsel State Bar, Steven J. Kaczkowski, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

ized" in certain areas. Nor do we find merit to Robbins' related argument that he should not be disciplined under a strict reading of Standard 18 because he stated that Maniscalco was a specialist, rather than stating that he, Robbins, was a specialist. See *The Florida Bar v. Herrick*, 571 S2d 1303, 1307 (Fla. 1990).

[6] The Supreme Court has stated that listing areas of practice may be potentially misleading, *In re R. M. J.*, 455 U. S. 191, 202-203, and has suggested a government may require that such a listing be followed by a disclaimer to the effect that the state bar does not recognize the listed areas as specialties under objective standards. Id., see also *Bates*, 433 U. S. at 384. See, e.g., *Mississippi Bar v. Attorney R*, 649 S2d 820, 823 (Miss. 1995).

[7] In 1988 Robbins received a review panel reprimand for violating Standard 5 of Bar Rule 4-102 ("A lawyer shall not make any false, fraudulent, deceptive, or misleading communication about the lawyer or the lawyer's services.").

[8] Robbins filed a Petition for Voluntary Discipline, without admitting any wrongdoing, offering to accept a Letter of Instruction pursuant to Bar Rule 4-204.5. The special master and the review panel properly concluded that level of discipline is not available after a Notice of Finding of Probable Cause and referral to a special master.

*Arnall, Golden & Gregory, Karen B. Bragman, Henry M. Perlowski,* for Robbins.